IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DALE WILSON,**  CASE NO. 2:06-cv-1070
  JUDGE WATSON
  Petitioner,  MAGISTRATE JUDGE KEMP

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

  Respondent.

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's request for the appointment of counsel and an evidentiary hearing, and his mandamus motion, *see* Doc. No. 8, all are **DENIED**.

### I. PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On November 2, 2001, the Coshocton County Grand Jury indicted appellant on two counts of rape, in violation of R.C. 2907.02(A)(1)(b); one count of rape, in violation of R.C. 2907.02(A)(2); and three counts of sexual battery, in violation of R.C. 2907.03(A)(5). The victim in all of the offenses was appellant's daughter, who was nineteen years old at the time of the indictment. Appellant entered pleas of not guilty to all the charges at his arraignment on November 16, 2001. The matter proceeded to jury trial. After hearing the evidence and deliberations, the jury found appellant guilty of two counts of sexual battery and acquitted appellant on the remaining counts. The trial court ordered a

>presentence investigation and scheduled a sentencing hearing for August 29, 2002. At the hearing, the trial court sentenced appellant to a definite term of imprisonment of five years on each count, and ordered the sentences be served consecutively. The trial court memorialized the sentences via Judgment Entry on Sentencing filed September 6, 2002.

*State v. Wilson,* 2004 WL 690176 (Ohio App. 5 Dist. March 30, 2004), *Exhibit 13 to Return of Writ*. Represented by the same counsel, petitioner filed a timely appeal. He raised the following assignments of error:

>I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN VIOLATION OF R.C. 2929.14(B), AND (E)(4).
>
>II. THE TRIAL COURT ERRED IN FAILING TO MERGE THE TWO COUNTS OF SEXUAL BATTERY THAT APPELLANT WAS CONVICTED OF COMMITTING.

*See id.* On March 30, 2004, the appellate court affirmed the trial court's judgment. *Id.* Still represented by counsel, petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following propositions of law:

>1. The trial court erred in sentencing appellant in violation of R.C. 2929.14(B), and E(4).
>
>2. The trial court erred in failing to merge the two (2) counts of sexual battery that appellant was convicted of committed [sic].
>
>3. Other errors were committed at trial not raised herein but apparent on the record.

Exhibit 15 to Return of Writ. On August 4, 2004, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 16 to Return of Writ*. On April 17, 2006, petitioner filed a *pro se* application to reopen the appeal pursuant

2

to Ohio Appellate Rule 26(B). *Exhibit 17 to Return of Writ.* He asserted the ineffective assistance of counsel because he was represented by the same attorney at trial and on direct appeal, and because his attorney failed to raise an issue under *State v. Comer*, 99 Ohio St.3d 463 (2003), and failed to raise an issue regarding the trial court's violation of O.R.C. 2929.14(B), or argue that his conviction and sentence were barred under the doctrine of *res judicata*. Additionally, petitioner asserted that he should be re-sentenced under *Blakely v. Washington,* 542 U.S. 296 (2004). *Exhibits 17 and 18 to Return of Writ.* On July 27, 2007, the appellate court denied the Rule 26(B) application for failure to show good cause for the untimely filing. *Exhibit 18 to Return of Writ.* Petitioner filed a timely appeal. *Exhibit 19 to Return of Writ.* On November 29, 2006, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. *Exhibit 20 to Return of Writ.* On September 17, 2004, petitioner filed a petition for post conviction relief with the state trial court. *Exhibit 21 to Return of Writ.* On November 18, 2004, the trial court denied the petition as untimely. *Exhibit 23 to Return of Writ.* Petitioner apparently never filed an appeal; however, on July 5, 2005, he filed a second petition for post conviction relief. On December 2, 2005, the trial court denied the petition as untimely and as raising issues that could have been raised on direct appeal. *Exhibit 27 to Return of Writ.* On January 13, 2006, petitioner filed a notice of appeal, *Exhibit 28 to Return of Writ*; however, on January 26, 2006, the appellate court *sua sponte* dismissed the appeal as untimely. *Exhibit 29 to Return of Writ.* Additionally, on December 5, 2005, petitioner filed a motion for judicial release. *Exhibit 30 to Return of Writ.* On January 11, 2006, the trial court denied the motion. *Exhibit 31 to Return of Writ.* On November 1, 2006, petitioner again filed a motion for judicial release. *Exhibit 32 to Return of Writ.* On December 13, 2006, the trial court again denied the motion. *Exhibit 34 to Return of Writ.*

On December 22, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Sentence contrary to law.
>
> 2. Ineffective assistance of counsel.
>
> 3. The sentence/conviction violates the secured double jeopardy protection.
>
> 4. Denial of the Equal Protection Clause secured by the federal and state laws which secured the right to access the court to [re]dress and/or redress an injury done to one's person without denial or delay.

It is the position of the respondent that this action is time-barred. Alternatively, respondent contends that claims two and three are procedurally defaulted, claim one is without merit, and claim four fails to present an issue appropriate for federal habeas corpus review.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

\* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on November 2, 2004, ninety days after the Ohio Supreme Court's August 4, 2004, dismissal of petitioner's appeal, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (2000). The statute of limitations expired one year later, on November 2, 2005. Petitioner waited until December 15, 2006, to sign the instant petition. He filed the petition on December 22, 2006. *See* Doc. No. 1. Petitioner's September 17, 2004, petition for post conviction relief did not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2), because the trial court denied the petition as untimely. *Banks v. Ohio*, 238 F.Supp.2d 955, 957-58 (S.D. Ohio 2002), citing *Artuz v. Bennett*, 531 U.S. 4 (2000); *Wilberger v. Carter,* 35 Fed.Appx. 111, unpublished, 2002 WL 89671 (6th Cir.2002); *Raglin v. Randle,* 10 Fed.Appx. 314, unpublished, 2001 WL 523530 (6th Cir.2001). Likewise, petitioner's July 5, 2005, post conviction petition did not toll the running of the statute of limitations, as it too was denied as untimely. *Id*. Petitioner's

April 17, 2006, Rule 26(B) application did not affect the running of the statute of limitations in this case, since petitioner filed such action long after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely. Petitioner's request for the appointment of counsel and an evidentiary hearing, and his mandamus motion, *see* Doc. No. 8, all are **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                /s/ Terence P. Kemp
                                United States Magistrate Judge
```